**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| ALEX ARROYO, ) | | |
|     Plaintiff, ) | | |
| ) | | |
| v. ) | 3:08-CV-0876-P | |
| ) | | |
| IRMA ATLANTIS, et al., ) | | |
|     Defendants. ) | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a civil rights action brought by a *pro se* litigant pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff Alex Arroyo ("Arroyo") is presently residing at a homeless shelter in Dallas, Texas. Defendants are his sister Irma Atlantis, and her daughter Vivian Moreno. The court did not issue process in this case pending preliminary screening.

Statement of Case: The complaint seeks to sue Plaintiff's sister and niece for perjury, false imprisonment, depression, and pain and suffering. Plaintiff alleges that his niece falsely accused him of child abuse which caused him to be falsely arrested and imprisoned for almost ten months (from June 13, 2007, until April 7, 2008). He claims to have been released only after his niece admitted that she had lied.

As a result of his incarceration, Plaintiff suffers from bipolar disorder and depression, for

which he takes medication. In this action, he seeks to file "charges on [his] sister and her daughter," although he admits that prior "charges" were dismissed while he was incarcerated.

Findings and Conclusions: The court permitted Plaintiff to proceed *in forma pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. § 1915(e), which imposes a screening responsibility on the district court. Section 1915(e) provides in pertinent part that:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C.A. § 1915(e)(2)(B).

Section 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Arroyo filed his complaint on the form to be used by prisoners in filing civil rights actions pursuant to 42 U.S.C. § 1983.[1] That section affords redress only for conduct committed by a person acting under color of state law and does not ordinarily involve conduct of a private citizen or corporation. *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004); *Scott v. Moore*, 85 F.3d 230, 233 (5th Cir. 1996); *Thibodeaux v. Bordelon*, 740 F.2d 329, 332 (5th Cir. 1984).

---

[1] 42 U.S.C. § 1983 provides in relevant part as follows:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

2

Plaintiff's sister and her daughter are private citizens. As such their conduct is not cognizable under § 1983. Moreover, insofar as Plaintiff seeks to have his sister and niece criminally prosecuted, his claims fail since he has no right to have criminal charges filed against a third person. *See Pierre v. Guidry*, 75 Fed. Appx. 300, 300 (5th Cir. 2003) (per curiam) (citing *Cort v. Ash,* 422 U.S. 66, 79 (1975)); *Oliver v. Collins*, 904 F.2d 278, 280-81 (5th Cir. 1990). Accordingly, Plaintiff's complaint, insofar as it relies on § 1983, lacks an arguable basis in law and should be dismissed with prejudice as frivolous.

Even when liberally construed in accordance with Plaintiff's *pro se* status, the complaint fails to allege federal subject matter jurisdiction. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001) (subject matter jurisdiction is an issue of paramount concern, and should be addressed, *sua sponte* if necessary, at the inception of any federal action); *Moody v. Empire Life Ins. Co.*, 849 F.2d 902, 904 (5th Cir. 1988) (same).

The complaint fails to allege a federal question arising under the Constitution or federal law. *See* 28 U.S.C. § 1331. Plaintiff merely complains about perjury and false imprisonment. Moreover, the constitutional tort of false arrest and false imprisonment requires that the Defendant be a state officer acting under color of state law. *Haggerty v. Texas Southern University,* 391 F.3d 653, 655 (5th Cir. 2004) (to prevail on § 1983 false arrest/false imprisonment claim, arrestee must show that officer did not have probable cause to arrest him).

Absent a federal question, complete diversity of citizenship between adverse parties and at least $75,000 in controversy are required to establish subject matter jurisdiction. *See* 28 U.S.C. § 1332(a). It is clear from the face of the complaint that Plaintiff and Defendants are all citizens of the State Texas. Therefore, Plaintiff's complaint, insofar as it relies on 28 U.S.C. §§

1331 and 1332, should be dismissed for want of jurisdiction.

RECOMMENDATION:

For the foregoing reasons, it is recommended that, insofar as the complaint relies on 42 U.S.C. § 1983, it should be dismissed with prejudice as frivolous, *see* 28 U.S.C. § 1915(e), and that insofar as it relies on 28 U.S.C. §§ 1331 and 1332, it should be dismissed for want of jurisdiction.

A copy of this recommendation will be mailed to Plaintiff.

Signed this 19th day of June, 2008.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.